1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANTHONY L. TAYLOR,              )    Civil No. 11cv1109 WQH (RBB)
                                    )
12              Petitioner,         )    **REPORT AND RECOMMENDATION**
                                    )    **DENYING PETITION FOR STAY AND**
13  v.                              )    **ABEYANCE [ECF NO. 7]**
                                    )
14  TERI GONZALEZ, Warden,          )
                                    )
15              Respondent.         )
    _____)

16

17       Petitioner Anthony L. Taylor, a state prisoner proceeding pro

18  se and in forma pauperis, filed a Petition for Writ of Habeas

19  Corpus on May 19, 2011 [ECF Nos. 1, 5].[1]  Taylor argues that

20  although he entered into a plea agreement ensuring that he would

21  receive a twenty-year sentence, the trial court improperly

22  sentenced him to twenty-four years and denied his motion to

23  withdraw the plea.  (Pet. 12-13, ECF No. 1.)  The Petitioner

24  maintains that his Fourteenth Amendment right to due process was

25  violated as a result.  (Id. at 13, 15-16.)  Taylor also argues

26

27  _____

28       [1]  Because Taylor's Petition is not consecutively paginated,
    the Court will cite to it using the page numbers assigned by the
    electronic case filing system.

                              1                    11CV1109 WQH(RBB)

1  that his Sixth Amendment right to effective assistance of counsel

2  was violated by both trial attorneys in connection with plea

3  negotiations, the motion to withdraw the plea, and sentencing.

4  (Id. at 13, 16-17.)  Petitioner filed a "Petition for Stay and

5  Abeyance" on October 31, 2011 [ECF No. 7], which the Court

6  construes as a Motion to Stay.[2]  There, he argues that this case

7  should be stayed while he raises and attempts to exhaust a new

8  claim that was never presented to the state courts:  that he also

9  received ineffective assistance of appellate counsel.  (Pet. Stay

10  Abeyance 4-6, ECF No. 7.)

11     Respondent Terri Gonzalez, the warden, filed her Answer to

12  Taylor's Petition for Writ of Habeas Corpus along with a

13  Memorandum of Points and Authorities [ECF No. 8] and a Notice of

14  Lodgment [ECF No. 9].  Gonzalez filed an Opposition to the Motion

15  for Stay and Abeyance [ECF No. 11].  Respondent argues that Taylor

16  is not entitled to a stay because he did not submit a mixed

17  petition; the statute of limitations has run; and the new claim

18  does not "relate back" to timely claims in the pending Petition.

19  (Opp'n Pet'r's Pet. Stay Abeyance 6, ECF No. 11.)

20     Taylor was to file any reply memorandum in support of his

21  Petition for Stay and Abeyance by December 19, 2011 [ECF No. 10].

22  None was filed.

23     The Court finds Taylor's Motion to Stay suitable for

24  resolution on the papers.  See S.D. Cal. Civ. R. 7.1(d)(1).  The

25  Court has reviewed the Petition, Taylor's Motion to Stay,

26  Gonzalez's Opposition, and the lodgments.  For the reasons

27

28     [2]  The Court will also cite to the Motion to Stay using the page numbers assigned by the electronic case filing system.

1  discussed below, Taylor's Motion to Stay [ECF No. 7] should be

2  **DENIED.**

3                    **I.   FACTUAL AND PROCEDURAL BACKGROUND**

4       On May, 1, 2008, in the Superior Court of California, County

5  of San Diego, Taylor, on advice from his counsel Tom Carnessale,

6  pleaded guilty to attempted murder and admitted two felony strike

7  priors.  (Lodgment No. 12, Rep's [Appeal] Tr. vol. 2, 1-3, 5, May

8  1, 2008.)  During a May 1, 2008 chambers conference with

9  Carnessale, the assigned judge stated that she was considering

10  "striking the strike and putting [the sentence] in the 20, 22-year

11  category."  (Lodgment No. 12, Rep.'s Appeal Tr. vol. 5, 37 Sept.

12  29, 2008.)

13      On July 28, 2008, the trial court held a <u>Marsden</u> hearing to

14  determine whether Carnessale would be relieved, and new counsel

15  was appointed.  (<u>See</u> Lodgment No. 1, Clerk's Tr 143, July 28, 2008

16  (mins.); (Pet. Stay Abeyance 4-5, ECF No. 7.)[3]  The record was

17  "sealed to trial counsel."  (Pet. Stay Abeyance 5, ECF No. 7.)

18  The trial court had appointed George Cretton as Taylor's new

19  counsel, but because of a conflict, it relieved Cretton, and

20  appointed Daniel Cohen as Taylor's new trial attorney.  (<u>See</u>

21  Lodgment No. 12, Rep.'s [Appeal] Tr. [] vol. 4, 32, Aug. 12,

22  2008).  Cohen filed a motion to withdraw Petitioner's plea on

23  September 15, 2008; Taylor claimed that at the time of the May 1,

24  2008 plea, he was under stress, taking an incorrect dose of

25

26  ─────────────

27       [3]  Taylor refers to the <u>Marsden</u> hearing as "the event," "the
    motion," and "hearing."  <u>See</u> <u>generally</u> <u>People v. Marsden</u>, 2 Cal.
    3d 118, 465 P.2d 44, 84 Cal. Rptr. 156 (1970) (discussing

28  procedure required for an indigent defendant to receive new
    appointed counsel.

medication, and prior counsel inadequately discussed the plea

bargain and was overbearing. (Lodgment No. 1, Clerk's Tr. 32, 36-

37; Lodgment No. 12, Rep.'s Appeal Tr. vol. 5, 81.) The court

held a hearing on September 29, 2008, and denied Taylor's motion

to withdraw his plea; the court also sentenced Taylor to twenty-

four years, despite his understanding that he would receive no

more than twenty-years under the plea agreement. (Lodgment No.

12, Rep.'s Appeal Tr. vol. 5, 81, 86-87.) At the hearing, Cohen

did not object to the twenty-four-year sentence. (Id. at 85-87.)

On October 27, 2008, Petitioner filed a notice of appeal.

(Lodgment No. 1, Clerk's Tr., 118.) Taylor was assigned appellate

counsel, Patrick DuNah, who appealed the court's ruling on the

motion to withdraw Taylor's guilty plea and his sentencing, but

counsel did not mention the Marsden hearing in his brief.

(Lodgment No. 2, Appellate Opening Brief, People v. Taylor, No.

D054023 (Cal. Ct. App. filed July 8, 2009).) Taylor's counsel

also filed a petition for writ of habeas corpus with the court of

appeal, but again did not mention the Marsden hearing in the

petition. (Lodgment No. 5, Petition for Writ of Habeas Corpus,

People v. Taylor, No. D054023 (Cal. Ct. App. filed Aug. 19,

2009).) The appellate court, however, did receive a transcript of

the Marsden hearing on December 23, 2008. (See Lodgment No. 9,

California Appellate Courts:  Case Information, [http://

appellatecases.courtinfo.ca.gov (select "Appellate District,

Fourth Appellate District Div 1," search using the court of appeal

case number, then click Docket)] (visited Nov. 9, 2011).)

The Court of Appeal, Fourth Appellate District, Division One,

consolidated the direct appeal and the petition on August 5, 2009.

4

1 (Lodgment No. 6, <u>People v. Taylor</u>, No. D055495 (Cal. Ct. App.

2 filed Aug. 5, 2009) (order consolidating direct appeal and habeas

3 petition).)  In its consolidated opinion, the court denied both

4 Taylor's petition and appeal, but made no mention of the <u>Marsden</u>

5 hearing.  (Lodgment No. 7, <u>People v. Taylor</u>, No. D054023, slip op.

6 at 12, 16, 18 (Cal. Ct. App. Dec. 29, 2009).)  Taylor petitioned

7 the California Supreme Court on February 2, 2010; the petition for

8 review does not mention Taylor's <u>Marsden</u> hearing.  (Lodgment No.

9 10, Petition for Review, <u>People v. Taylor</u>, No. S179938 (Cal. filed

10 Feb. 2, 2010).)  The California Supreme Court denied the petition

11 without opinion on April 14, 2010.  (Lodgment 11, California

12 Appellate Courts:  Case Information, [http://appellatecases.

13 courtinfo.ca.gov (select "Supreme Court," search using the supreme

14 court case number, then select Docket)] (visited Oct. 25, 2011).)

15     On May 19, 2011, Taylor filed this federal Petition for Writ

16 of Habeas Corpus [ECF No. 1].  He only raises due process and

17 ineffective assistance of trial counsel claims arising from the

18 trial court's imposition of the twenty-four-year sentence and the

19 denial of the request to withdraw his guilty plea.  (<u>See</u> Pet. 12-

20 13, 16-17, ECF No. 1.)  Now, Taylor seeks an order staying this

21 case while he raises for the first time, and exhausts in the state

22 courts, a new claim for the ineffective assistance of appellate

23 counsel.  (Pet. Stay Abeyance 5-6, ECF No. 7.)

24              **II.  LEGAL STANDARD FOR EXHAUSTION**

25     Before a federal court may grant habeas relief on a claim, a

26 petitioner must exhaust all available state judicial remedies.  28

27 U.S.C.A. § 2254(b)(1)(A) (West 2006); <u>Rhines v. Weber</u>, 544 U.S.

28 269, 273-74 (2005) (referring to total exhaustion requirement of

1   Rose v. Lundy, 455 U.S. 509, 522 (1982), abrogated on other
2   grounds by Rhines, 544 U.S. 269).  A claim is exhausted only when
3   a petitioner has fairly presented it to the state courts.  Duncan
4   v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Connor, 404
5   U.S. 270, 275 (1971)).  To meet the fair presentation requirement,
6   the petitioner must "alert the state courts to the fact that he
7   [is] asserting a claim under the United States Constitution."
8   Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing
9   Duncan, 513 U.S. at 365-66).  The petitioner must "provide the
10  state courts with a 'fair opportunity' to apply controlling legal
11  principles to the facts bearing upon his constitutional claim."
12  Anderson v. Harless, 459 U.S. 4, 6 (1982) (citing Picard v.
13  Connor, 404 U.S. at 276-77).  By giving state courts the
14  "'opportunity to pass upon and correct' alleged violations of its
15  prisoners' federal rights," comity is promoted, and disruption of
16  state judicial proceedings is prevented.  Duncan, 513 U.S. at 365
17  (quoting Picard, 404 U.S. at 275); see also Rose, 455 U.S. at 518;
18  Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005).

19       Constitutional claims raised in federal proceedings must be
20  presented to the state courts first.  Baldwin v. Reese, 541 U.S.
21  27, 31-32 (2004).  A petitioner must provide the highest state
22  court with a fair opportunity to consider the factual and legal
23  bases of his claims before presenting them to the federal court.
24  Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) (citing
25  Picard, 404 U.S. at 276; Johnson v. Zenon, 88 F.3d 828, 829 (9th
26  Cir. 1996)); see also Duncan, 513 U.S. at 365; Scott v. Schriro,
27  567 F.3d 573, 582 (9th Cir. 2009); Davis v. Silva, 511 F.3d 1005,
28  1008 (9th Cir. 2008).  A claim is not exhausted if it is pending

1   before the state's highest court.  See Rose, 455 U.S. at 515

2   ("[A]s a matter of comity, federal courts should not consider a

3   claim in a habeas corpus petition until after the state courts

4   have had an opportunity to act . . . ."); Anderson v. Morrow, 371

5   F.3d 1027, 1036 (9th Cir. 2004) ("AEDPA's exhaustion requirement

6   entitles a state to pass on a prisoner's federal claims before the

7   federal courts do so.").  "It follows, of course, that once the

8   federal claim has been fairly presented to the state courts, the

9   exhaustion requirement is satisfied." Picard, 404 U.S. at 275.

10       Courts may deny an application for habeas relief on the

11   merits even if the petitioner has not yet exhausted his state

12   judicial remedies.  28 U.S.C.A. § 2254(b)(2).  But courts have no

13   authority to grant relief on unexhausted claims.  Id. §

14   2254(b)(1)(A).

15   **A.   Whether the Petition is a Mixed Petition**

16       Taylor argues that he submitted a mixed petition; therefore

17   Rhines, 544 U.S. 269, applies.  (See Pet. Stay Abeyance 3, ECF No.

18   7.)  He contends that he has satisfied the two-prong analysis set

19   forth in Rhines.  (Id. at 1.)  Petitioner alleges that the first

20   requirement, that the claim is not plainly meritless, is satisfied

21   because his appellate attorney failed to mention or provide the

22   transcript of the Marsden hearing to the appellate court, which

23   deprived the court of crucial facts.  (Id. at 1-3.)  Taylor avers

24   that the trial court had made substantial errors during the

25   Marsden hearing because it relitigated Petitioner's plea agreement

26   and acknowledged that Taylor needed "psychiatric treatment" or an

27   increase in his "mental control medications."  (Id. at 3-4.)

28   Taylor asserts that his appellate counsel's ineffective assistance

1 satisfies the second <u>Rhines</u> prong requiring good cause for failing
2 to exhaust the unexhausted claim.  (<u>Id.</u> at 4-5.)

3     Petitioner alleges that after the <u>Marsden</u> hearing, he was
4 appointed an attorney to represent him and file a motion to
5 withdraw Taylor's guilty plea.  (<u>Id.</u> at 4.)  After the trial court
6 denied the motion, Taylor appealed the ruling and was appointed
7 appellate counsel.  (<u>Id.</u>)  Petitioner argues that his appointed
8 appellate counsel failed to mention the <u>Marsden</u> hearing, or
9 provide the transcript of the hearing, to the appellate court.
10 (<u>Id.</u> at 4-5.)  Taylor asserts this deprived him of his right to
11 effective assistance of appellate counsel and clarifies that, to
12 date, he has not raised this claim in state court.  (<u>Id.</u>)

13     Respondent, however, argues that <u>Rhines</u> does not apply
14 because Petitioner did not submit a mixed petition; the claims in
15 the Petition have all been exhausted, and Taylor is attempting to
16 add entirely new claims.  (Opp'n Pet'r's Mot. Stay Abeyance 6, ECF
17 No. 11.)  The Respondent also maintains that Taylor cannot request
18 a stay under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003),
19 <u>overruled on other grounds by Robbins v. Carey</u>, 481 F.3d 1143,
20 1149 (9th Cir. 2007), because <u>Kelly</u> requires that the Petitioner
21 delete unexhausted claims from the petition.  (<u>Id.</u>)  Respondent
22 argues that even under <u>Kelly</u>, there is no basis for a stay.  (<u>Id.</u>)

23     A mixed petition contains both exhausted and unexhausted
24 claims.  <u>See Rose</u>, 455 U.S. at 510.  In <u>Rhines v. Weber</u>, 544 U.S.
25 269, the Supreme Court held that district courts have the
26 discretion to stay a mixed habeas petition and hold it in abeyance
27 to allow a petitioner to present unexhausted claims to state
28 courts.  "Once the petitioner exhausts his state remedies, the

1   district court will lift the stay and allow the petitioner to

2   proceed in federal court." Id. at 275-76.

3         In his pending Petition, Taylor argues that he is entitled to

4   relief because the trial court imposed a sentence greater than the

5   agreed-upon term in the plea agreement, in violation of due

6   process.  (Pet. 13, ECF No. 1.)  Further, he maintains that both

7   of his trial attorneys provided ineffective assistance, one in

8   communicating the plea bargain to Taylor and the other in moving

9   to withdraw Taylor's plea.  (Id. at 13, 17-18.)  The due process

10  and the ineffective assistance of trial counsel claims were raised

11  before, and rejected by, the California Supreme Court.  (See

12  Lodgment 10, Petition for Review, People v. Taylor, No. S179938;

13  Lodgment 11, California Appellate Courts:  Case Information,

14  [http://appellatecases.courtinfo.ca.gov (select "Supreme Court,"

15  search using the supreme court case number, then select Docket)].)

16   All the claims contained in Taylor's Petition are fully

17  exhausted, and the Petition is not mixed.  See Rose, 455 U.S. at

18  510 (stating that mixed petitions contain both exhausted and

19  unexhausted claims).  Rhines does not address Taylor's situation.

20  **B.   Whether a Stay is Otherwise Warranted**

21        To date, the Ninth Circuit has only applied the Kelly

22  procedure to requests to stay mixed petitions.  See King v. Ryan,

23  564 F.3d 1113, 1140 (9th Cir. 2009).  In King, the Ninth Circuit

24  stated that courts have the discretion "to stay and hold in

25  abeyance the amended, fully exhausted petition, providing the

26  petitioner the opportunity to proceed to state court to exhaust

27  the deleted claims . . ." King, 564 F.3d at 1139.  Recently,

28  however, district courts have applied the Kelly procedure to

requests to stay fully exhausted petitions, even when the petition was never a mixed petition.  See Sims v. Calipatria State Prison, No. CV 10-715-DSF (AGR), 2012 U.S. Dist. LEXIS 69931, at *4-5 (C.D. Cal. Feb. 29, 2012) (finding Kelly procedure is the appropriate standard to stay a fully exhausted petition while a petitioner attempts to exhaust additional claims); Hughes v. Walker, No. 2:10-cv-3024 WBS TJB, 2012 U.S. Dist. LEXIS 11844 *12-13 (E.D. Cal. Feb. 1, 2012) (finding Kelly is the "relevant procedure" when a petitioner seeks to stay original claims in a fully exhausted petition, while he seeks to exhaust new claims); Conriquez v. Uribe, No. 1:09-cv-01003-SKO-HC, 2012 U.S. Dist. LEXIS 607, at *9 (E.D. Cal. Jan. 4, 2012) (applying Kelly); Knox v. Martel, No. CIV S-08-0494-MCE-CMK-P, 2010 U.S. Dist. LEXIS 30967, at *2 (E.D. Cal. Mar. 31, 2010) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).  Therefore, Taylor can request a stay under Kelly while he attempts to exhaust his new claim for ineffective assistance of appellate counsel.

In Jackson, the Ninth Circuit reaffirmed the three-step procedure outlined in Kelly.  Jackson, 425 F.3d at 659.

> The procedure include[s] (1) allowing a petitioner to amend his petition to remove the unexhausted claims -- as Rose indicated; (2) staying and holding in abeyance the amended, fully exhausted petition to allow a petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) permitting the petitioner after completing exhaustion to amend his petition once more to reinsert the newly exhausted claims back into the original petition.

Id. at 658-59 (citation omitted).  The Ninth Circuit has determined that the Kelly procedure does not undermine AEDPA because a petitioner may amend his petition only if the claims are

still timely or relate back to the original pleading.  See King, 564 F.3d at 1140-41.

A Kelly stay is appropriate when an outright dismissal will make it difficult for the petitioner to return to district court within AEDPA's one-year statute of limitation period.  Sims, 2012 U.S. Dist. LEXIS 69931, at *3-5 (discussing the applicability of the Kelly procedure to requests to stay a fully exhausted petition to raise and exhaust new claims).  "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely.  And demonstrating timeliness will often be problematic under the now-applicable legal principles."  King, 564 F.3d at 1140-41.  Therefore, Taylor will only be entitled to a stay of his fully exhausted Petition if his new ineffective assistance of appellate counsel claim is not otherwise time barred by AEDPA.

**1.  Statute of limitations**

Respondent argues that the claim Taylor is seeking to exhaust is untimely.  (Opp'n Pet'r's Mot. Stay Abeyance. 6, ECF No. 11.) Gonzalez asserts that AEDPA's statute of limitations expired on July 13, 2011, because the one-year statute of limitations began on July 13, 2010 - ninety days after the April 14, 2010 California Supreme Court decision.  (Id.)  Petitioner filed his Motion on October 31, 2011, 111 days past the deadline of July 13, 2011. (Id.)  Respondent also claims that filing a habeas claim in federal court does not toll AEDPA's statute of limitations.  (Id.) Gonzalez notes that Petitioner has not returned to state court to attempt to exhaust his claim.  (Id.)

Taylor does not address the statute of limitations in his Motion, and he did not file a reply to Respondent's Opposition. (See Pet. Stay Abeyance 1-4, ECF No. 7.)

As discussed previously, a petitioner seeking to use the Kelly procedure and amend his petition must demonstrate that the unexhausted claims are timely.  King, 564 F.3d at 1140-41. Taylor's Petition is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 because it was filed after April 24, 1996.  28 U.S.C.A. § 2244 (West 2012); Woodford v. Garceau, 538 U.S. 202, 204 (2003) (citing Lindh v. Murphy, 521 U.S. 320, 326 (1997)).  All federal habeas petitions are subject to AEDPA's one-year statute of limitations.  As amended, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).

On December 29, 2010, the California Court of Appeal issued its opinion addressing Taylor's consolidated appeal from the

12

judgment of conviction and petition for writ of habeas corpus.
(Lodgment No. 7, <u>People v. Taylor</u>, No. D054023, slip op. at 1.)
The court affirmed the superior court judgment and denied the
petition for writ of habeas corpus. (<u>Id.</u> at 18.) Taylor filed a
petition for review, which the California Supreme Court denied on
April 14, 2010. (<u>See</u> Lodgment 11, California Appellate Courts:
Case Information, [http://appellatecases.courtinfo.ca.gov (select
"Supreme Court," search using the supreme court case number, then
select Docket)].) Taylor did not petition for a writ of
certiorari with the United Stated Supreme Court.

United States Supreme Court Rule 13 provides that a petition
for certiorari must be filed within ninety days of the entry of an
order denying discretionary review by the state supreme court.
<u>See</u> S. Ct. R. 13. When a habeas petitioner seeks discretionary
review by the state's highest court but does not file a petition
with the United States Supreme Court, the judgment becomes final
when the prisoner's time to petition the Supreme Court expires.
<u>Gonzalez v. Thaler</u>, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

Taylor's judgment became final for the purposes of AEDPA on
July 13, 2010, ninety days after the California Supreme Court
denied his petition for review. <u>See</u> <u>id.</u>; <u>see also</u> S. Ct. R. 13.
Pursuant to § 2244(d), the statute of limitations for federal
habeas corpus began to run on April 15, 2010, the day after the
judgment became final. 28 U.S.C.A. § 2244(d)(1)(A); <u>see</u> <u>Corjasso</u>
<u>v. Ayers</u>, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the
one-year statute of limitations under AEDPA begins to run the day
after the conviction becomes final). The statute of limitations
period would therefore have expired on July 13, 2011. <u>See</u>

1  <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-46 (9th Cir. 2001)

2  (quoting Fed. R. Civ. P. 6(a)) ("In computing any amount of time

3  prescribed or allowed . . . by any applicable statute, the day of

4  the act, event, or default from which the designated period of

5  time runs shall not be included.")  Taylor filed his Motion for

6  Stay and Abeyance over three months later, on October 31, 2011

7  [ECF No. 7], seeking to stay the Petition so he can raise his new

8  claim in state court.

9      A federal petition for writ of habeas corpus may be dismissed

10  with prejudice when it was not filed within the AEDPA's one-year

11  statute of limitations.  <u>Jiminez v. Rice</u>, 276 F.3d 478, 483 (9th

12  Cir. 2001).  The statute of limitations is a threshold issue that

13  must be resolved before the merits of individual claims.  <u>White v.</u>

14  <u>Klitzkie</u>, 281 F.3d 920, 921-22 (9th Cir. 2002).  Nevertheless, an

15  otherwise late petition may be timely if Taylor can show he is

16  entitled to statutory or equitable tolling, or that an amended

17  petition that includes a newly exhausted ineffective assistance of

18  appellate counsel claim will relate back to his original claims

19  for habeas relief.

20          **a.   Statutory tolling**

21      Respondent contends that Taylor is not entitled to tolling

22  because the time in federal court does not toll AEDPA's statutory

23  clock.  (Opp'n Pet'r's Mot. Stay Abeyance 6, ECF No. 11.)

24  Therefore, Gonzalez claims that Petitioner's new ineffective

25  assistance of appellate counsel claim is time barred because

26  AEDPA's statute of limitations expired on "July 13, 2011."  (<u>Id.</u>)

27  Respondent maintains that this issue should have been raised on

28  direct appeal.  (<u>Id.</u> at 6-7.)

The statute of limitations under AEDPA is tolled during periods in which a "properly filed" habeas corpus petition is "pending" in the state court.  28 U.S.C.A. § 2244(d)(2).  The statute specifically provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Id.; see also Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits).

The interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." Carey v. Saffold, 536 U.S. 214, 223 (2002).  "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'"  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting Barnett v. Lamaster, 167 F.3d 1321, 1323 (10th Cir. 1999)); see also Carey, 536 U.S. at 219-22.  The statute of limitations is tolled from the time the first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed.  Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (citing Nino, 183 F.3d at 1006).

Here, Taylor has not filed his new ineffective assistance of appellate counsel claim in state court. (See Pet. Stay Abeyance 3, ECF No. 7.)  This claim is not statutorily tolled while his Petition asserting entirely different, exhausted causes of action is pending in federal court. Duncan v. Walker, 533 U.S. 167, 182 (2001) (stating that AEDPA's statute of limitations is not tolled "during the pendency of [a] . . . federal habeas petition."). Therefore, Taylor should not be allowed to avail himself to statutory tolling while he exhausts his additional state claim because Petitioner did not file his claim in state court; AEDPA's statute of limitations was not tolled before it expired. See Pace, 544 U.S. at 410 (holding that untimely state post-conviction petition is not "properly filed" within the meaning of § 2244(d)(2)).

### b.   Equitable tolling

Neither the Petitioner nor the Respondent address whether equitable tolling applies.  Equitable tolling of the statute of limitations is appropriate when the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, __ U.S. __, __, 130 S. Ct. 2549, 2554 (2010); Pace, 544 U.S. at 418; see also Lawrence v. Florida, 549 U.S. 327, 335 (2007); Rouse v. U.S. Dep't of State, 548 F.3d 871, 878-79 (9th Cir. 2008).  The petitioner bears the burden of establishing the elements. Roberts v. Mashall, 627 F.3d 768, 771 (9th Cir. 2010).  A petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations where "'extraordinary circumstances beyond a prisoner's control made it impossible'" to file a timely petition.

1   <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (quoting

2   <u>Brambles v. Duncan</u>, 330 F.3d 1197, 1202 (9th Cir. 2003)).

3        "'[T]he threshold necessary to trigger equitable tolling

4   [under AEDPA] is very high, lest the exceptions swallow the

5   rule.'" <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002)

6   (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir.

7   2000).  The failure to file a timely petition must be the result

8   of external forces, not the result of the petitioner's lack of

9   diligence.  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

10  "Determining whether equitable tolling is warranted is a

11  'fact-specific inquiry.'"  <u>Spitsyn</u>, 345 F.3d at 799 (quoting <u>Frye</u>

12  <u>v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001)).  If a petitioner

13  makes a "good-faith allegation that would, if true, entitle him to

14  equitable tolling[,]" then the petitioner should receive an

15  evidentiary hearing.  <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir.

16  2006).

17       Taylor does not allege that he is entitled to equitable

18  tolling.  (<u>See</u> Pet. Stay Abeyance 1-4, ECF No. 7.)  He also has

19  not diligently pursued the ineffective assistance of appellate

20  counsel claim, which arose during direct appeal and prior to

21  filing his federal Petition for Writ of Habeas Corpus.  <u>See</u>

22  <u>Holland</u>, __ U.S. at __, 130 S. Ct. at 2554; (<u>see also</u> Lodgment No.

23  2, Appellant's Opening Brief, <u>People v. Taylor</u>, No. D054023;

24  Lodgment No. 5, Petition for Writ of Habeas Corpus, <u>People v.</u>

25  <u>Taylor</u>, No. D054023; Lodgment No. 10, Petition for Review, <u>People</u>

26  <u>v. Taylor</u>, No. S179938.)

27       Taylor also has not filed the claim in state court, even

28  though eleven months have elapsed since AEDPA's one-year statute

of limitations expired on July 13, 2011.  See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (finding a prisoner who filed a petition for writ of habeas corpus eleven months late did not diligently pursue his claim).  Although Petitioner would not be expected to question his attorney's actions while he was represented, Taylor failed to consider the issue after the California Supreme Court denied his petition for review and prior to filing his federal habeas Petition.  See Doe v. Busby, 661 F.3d 1001, 1012-15 (9th Cir. 2010) (discussing what is reasonable diligence when faced with attorney misconduct and when a petitioner should seek new counsel).  Taylor has not demonstrated that he was reasonably diligent in pursuing his new ineffective assistance of appellate counsel claim.  See Holland, 130 S. Ct. at 2554.

Additionally, mental incompetence can be an "extraordinary circumstances beyond a prisoner's control." Roberts, 627 F.3d at 772 (quoting Bryant v. Ariz. Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007)).  Taylor, however, has not alleged that he suffers from a mental illness that would constitute an "extraordinary circumstance." See id.  He merely asserts that he "is now as he were [sic] then . . . mentally challenged." (Pet. Stay Abeyance 2, ECF No. 7.)  To show that mental incompetence is an "extraordinary circumstance," a petitioner must provide some evidence of the mental illness's severity.  See Laws v. Lamarque, 351 F.3d 919, 923-24 (9th Cir. 2003) (finding unrebutted allegations in a verified complaint were insufficient to warrant equitable tolling based on mental incompetence).  The lodgments indicate that Petitioner was taking Seroquel and Remeron for

stress and anxiety, but the record is void of any indication of an extraordinary circumstance that prevented Taylor from timely filing his additional claim.  (See Lodgment 1, Clerk's Tr., 36; see also Lodgment 12, Rep.'s Appeal Tr. vol. 5, 42-43.) Therefore, he failed to show that either his mental state or his medication presented an extraordinary circumstance that prevented him from timely filing his new claim in state court.  See Roberts, 627 F.3d at 722.

### 2.   Relation back

Gonzalez contends that Taylor's untimely claim does not "relate back to the original claims in the Petition for Writ of Habeas Corpus because the new claim does not arise out of the same common core of operative facts.  (Opp'n Pet'r's Mot. Stay Abeyance 6, ECF No. 11.)  A claim, Respondent alleges, does not relate back merely because it arises from the same trial.  (Id.)  Gonzalez also maintains that if the amendment is futile, a stay is inappropriate.  (Id.)

The Federal Rules of Civil Procedure apply to federal habeas cases through Federal Rule of Civil Procedure 81(a)(4), 28 U.S.C. § 2242, and Habeas Corpus Rule 12.  See 28 U.S.C.A. § 2242 (West 2006); Rules Governing § 2254 Cases, Rule 12, 28 U.S.C. foll. § 2254; Fed. R. Civ. P. 81(a)(4).  "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence." Mayle v. Felix, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(c)(2)).  The applicable test is whether the claim "arises out of a common 'core

1  of operative facts' uniting the original and newly asserted

2  claims." <u>Id.</u> at 659 (citations omitted).

3       A claim does not arise out of a common core of operative

4  facts when the claim is "'supported by facts that differ in both

5  time and type from those the original pleading set forth.'"

6  <u>Schneider v. McDaniel</u>, 674 F.3d 1144, 1150 (9th Cir. 2012) (citing

7  <u>Mayle</u>, 545 U.S. at 650).  "If the newly exhausted claim is not

8  timely under AEDPA or the relation-back doctrine does not apply,

9  it may not be added to the existing petition and a stay is

10 inappropriate." <u>Garcia v. Evans</u>, No. 1:08-cv-1819-AWI (DLB), 2012

11 U.S. Dist. LEXIS 3620, at *6-7 (E.D. Cal. Jan. 6, 2012).

12      Taylor's claim of ineffective assistance of appellate counsel

13 does not relate back to either his due process allegation or his

14 ineffective assistance of trial counsel claim.  <u>See</u> <u>Preston v.</u>

15 <u>Harris</u>, 216 F. App'x 677, 678 (9th Cir. 2007) (discussing how

16 petitioner's new <u>Boykin</u> claim did not relate back because the

17 errors "involve[d] different actors at different times").

18 Petitioner's current claim is that both his trial attorneys were

19 ineffective.  Taylor asserts that the first trial counsel, Tom

20 Carnessale, failed to properly inform him of the potential

21 consequences of the plea deal.  (<u>See</u> Pet. 13, 16-17, ECF No. 1.)

22 The second trial counsel, Daniel Cohen, failed to object that the

23 twenty-four-year sentence exceeded the plea bargain and failed to

24 renew Taylor's motion to withdraw his plea.  (<u>See</u> Lodgment No. 10,

25 Petition for Review at 29, <u>People v. Taylor</u>, No. [S179938].)

26      The ineffective assistance of trial counsel claims differ

27 both in time and facts from the ineffective assistance of

28 appellate counsel claim.  <u>See</u> <u>Schneider</u>, 674 F.3d at 1151

1  (rejecting the motion that appellate counsel's failure to raise an

2  issue on direct appeal "supports the relation back of any and

3  every claim of ineffective assistance of appellate counsel that

4  petitioner thereafter may decide to raise[]").  Carnessale

5  allegedly failed to inform Petitioner of the consequences of his

6  plea deal.  (See Lodgment No. 12, Rep.'s Appeal Tr. vol. 5, 55-

7  57.)  DuNah, Taylor's appellate counsel, allegedly failed to

8  provide the court of appeal with a proper record and did not argue

9  any error relating to the Marsden hearing.  (See generally

10 Lodgment No. 2, Appellant's Opening Brief at i, People v. Taylor,

11 No. D054023; Lodgment No. 5, Petition for Writ of Habeas Corpus at

12 i-v, People v. Taylor, No. D054023.)  Trial counsel's failure to

13 inform Taylor of a plea bargain's potential consequences is

14 insufficiently related to appellate counsel's failure to raise one

15 or more particular claims on appeal.  See Schneider, 674 F.3d at

16 1151.  United States v. Duffus, 174 F.3d 333, 337-38 (3d Cir.

17 1999) (holding that a claim of ineffective assistance of counsel

18 in failure to suppress evidence did not relate back to a claim of

19 ineffective assistance of appellate counsel in failing to argue

20 insufficiency of evidence on appeal).

21      Carnessale's alleged error occurred on May 1, 2008, during

22 the change of plea hearing, while DuNah's alleged error did not

23 occur until Petitioner's appeal on July 7, 2009 - two entirely

24 different proceedings.  (See Lodgment No. 12, Rep.'s Appeal Tr.

25 vol. 5, 36-37, 62; Lodgment No. 2, Appellant's Opening Brief at i,

26 People v. Taylor, No. D054023.)  While Carnessale's alleged

27 conduct gave rise to a motion for substitution of counsel pursuant

28 to People v. Marsden, 2 Cal. 3d 118, 84 Cal. Rptr. 156, 465 P.2d

1 44, the hearing is unrelated to whether DuNah provided a proper

2 record to the appellate court and raised potential arguments. <u>See</u>

3 <u>Schneider</u>, 674 F.3d at 1150.  The ineffective assistance of trial

4 counsel claim against Carnessale and the ineffective assistance of

5 appellate counsel claim against DuNah do not arise out of the same

6 "common core of operative facts." <u>Mayle</u>, 545 U.S. at 659.

7     Next, attorney Cohen's alleged failure to object to the

8 sentence the trial court imposed also differs in time and facts

9 from Dunah's alleged errors on appeal.  <u>See</u> <u>Schneider</u>, 674 F.3d at

10 1150.  Cohen's alleged errors occurred on September 29, 2008,

11 during the hearing on Taylor's motion to withdraw his guilty plea

12 and his subsequent sentencing, while Dunah's alleged errors

13 occurred on July 7, 2009, on appeal – again, two different

14 proceedings.  (<u>See</u> Lodgment No. 12, Rep.'s Appeal Tr. vol. 5, 81-

15 82, 85-90; Lodgment No. 2, Appellant's Opening Brief, <u>People v.</u>

16 <u>Taylor</u>, No. D054023.)  Cohen's involvement is after the <u>Marsden</u>

17 hearing and unrelated to appellate counsel's failure to address

18 the <u>Marsden</u> hearing on appeal, which is the gravamen of Taylor's

19 complaint that DuNah provided ineffective assistance.  <u>See</u> <u>Duffus</u>,

20 174 F.3d at 337-38 (affirming denial of motion to amend his habeas

21 petition to raise an additional ineffective assistance of counsel

22 claim that was "completely new").  The new ineffective assistance

23 of appellate counsel claim is unrelated to the current ineffective

24 assistance of trial counsel causes of action; the claims do not

25 arise from the same "common core of operative facts." <u>See</u>

26 <u>Preston</u>, 216 F. App'x at 678.

27     Petitioner's pending claim that his due process rights were

28 violated when the trial court imposed an increased prison term

22

differs from Taylor's new ineffective assistance of appellate
counsel accusation.  See United States v. Ciampi, 419 F.3d 20, 24
(1st Cir. 2005) (holding ineffective assistance of counsel claim
based on counsel's failure to explain plea consequences did not
relate back to claim alleging due process violation based on trial
court's failure to advise defendant of same consequences).

Whether the trial court was obligated to impose the prison
term Taylor believed he had agreed to in the plea bargain and
whether appellate counsel was ineffective for failing to provide
an adequate record for the appellate court are inquiries that are
unrelated as to both time and facts.  See Schneider, 674 F.3d at
1150.  Furthermore, Taylor's proposed new claim is refuted by the
record, which shows that two Marsden transcripts were part of the
record on appeal and were filed with the court of appeal on
December 23, 2008. (See Lodgment No. 9, California Appellate
Courts:  Case Information, [http://appellatecases.courtinfo.ca.gov
(select "Appellate District, Fourth Appellate District Div. 1,"
search using the court of appeal case number, then click
Docket)].)

Although it is not a pending or proposed ground for habeas
relief, Petitioner states that the Marsden and sentencing hearings
show that the trial court recognized that he needed psychiatric
treatment and an increase in medication. (See Pet. Stay Abeyance
3-4, ECF No. 7.) Yet, the trial court and the court of appeal
were aware of Taylor's assertion that at the time of his guilty
plea, "he was taking an incorrect dosage of his medications
. . . ." (See Lodgment No. 7, People v. Taylor, D054023, slip op.
at 5.) Taylor has not presented the California Supreme Court with

11CV1109 WQH(RBB)

a claim that his guilty plea violates due process because of the effects of his medication.  (See Lodgment No. 10, Petition for Review at 17, People v. Taylor, [No. S179938].)  Taylor has failed to demonstrate that the pending due process and new ineffective assistance of appellate counsel claims arise from a common core of operative facts.  See Schneider, 674 F.3d at 1150.

Petitioner's proposed ineffective assistance of appellate counsel claim does not relate back to any of the claims currently in his Petition for Writ of Habeas Corpus.  See Mayle, 545 U.S. at 659.  Taylor's proposed new claim is time barred and does not relate back to the grounds in the original Petition.  See King, 564 F.3d at 1140-41.

### III.   CONCLUSION

Taylor's Petition for Writ of Habeas Corpus is not a mixed petition, and Rhines does not address whether he is entitled to stay his fully exhausted Petition while he exhausts his new claims.  Additionally, AEDPA's statute of limitations has expired, and Taylor has not sufficiently alleged that he is entitled to statutory or equitable tolling, or that the relation back doctrine applies to his new claim.  As a result, he is not entitled to a stay under Kelly.  Therefore, the Motion, which he titled, "Petition for Stay and Abeyance," [ECF No. 7] should be **DENIED**.

This Report and Recommendation will be submitted to United States District Court Judge William Q. Hayes, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the court and serve a copy on all parties on or before July 20, 2012.  The document should be captioned, "Objections to Report and Recommendation."  Any reply to the

1  objections shall be served and filed on or before August 3, 2012.

2  The parties are advised that failure to file objections within the

3  specified time may waive the right to appeal the district court's

4  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

5

6  Dated:  June 28, 2012

7                                         RUBEN B. BROOKS
                                          United States Magistrate Judge
8

9  cc:  Judge Hayes
        All parties of record

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28