1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANTHONY L. TAYLOR,              )    Civil No. 11cv1109 WQH (RBB)
                                     )
12              Petitioner,          )    **REPORT AND RECOMMENDATION**
                                     )    **DENYING PETITION FOR WRIT OF**
13   v.                              )    **HABEAS CORPUS [ECF NO. 1]**
                                     )
14   TERI GONZALEZ, Warden,          )
                                     )
15              Respondent.          )
     _____)

16

17        Petitioner Anthony L. Taylor, a state prisoner proceeding pro

18   se and in forma pauperis, filed a Petition for Writ of Habeas

19   Corpus on May 19, 2011 [ECF Nos. 1, 5].[1]  Taylor alleges that he

20   negotiated a plea agreement ensuring that he would receive a

21   twenty-year sentence.  (Pet. 12-13, ECF No. 1.)  He contends that

22   despite this agreement, the trial court denied his motion to

23   withdraw the plea and improperly sentenced him to twenty-four

24   years in prison.  (Id.)  Petitioner maintains that his Fourteenth

25   Amendment right to due process was violated as a result.  (Id. at

26

27   _____

28        [1]  Because Taylor's Petition and Gonzalez's Answer are not
     consecutively paginated, the Court will cite to each using the
     page numbers assigned by the electronic case filing system.

                                        1
                                                              11CV1109 WQH(RBB)

13, 15-16.)  He also contends that his Sixth Amendment right to effective assistance of counsel was violated when his trial attorney misadvised him during the plea negotiations.  (<u>Id.</u> at 13, 16-17.)

Respondent Terri Gonzalez, the warden, filed her Answer to Taylor's Petition for Writ of Habeas Corpus along with a Memorandum of Points and Authorities and a Notice of Lodgment on November 9, 2011 [ECF Nos. 8, 9].  Petitioner did not file a traverse.

On October 31, 2011, Taylor filed a "Petition for Stay and Abeyance [ECF No. 7]."  There, he requested that the Court stay his federal petition while he exhausted a new claim in state court.  (Pet. Stay & Abeyance 4-6, ECF No. 7.)  Respondents filed an opposition on November 22, 2011; the request for a stay was denied on August 23, 2012 [ECF Nos. 11, 15, 16].

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2008, in the Superior Court of California, County of San Diego, Taylor, on advice from his counsel, Tom Carnessale, pleaded guilty to attempted murder and admitted two felony-strike priors.  (Lodgment No. 12, Rep's [Appeal Tr.] vol. 2, 10-12, May 1, 2008.)[2]  During a chambers conference with Carnessale, the assigned judge stated that she was considering "striking the

---

[2]   The five volumes of transcripts in Lodgment 12 are labeled volumes 1 through 5.  But the captions on the face page of each show two volumes numbered 1, a volume 2, no volume 3, and volumes 4 and 5.  To minimize confusion, the Court will cite to the two captioned volume 1's as "volume 1 [part 1]" and "volume 1 [part 2]."  Further, volume 1 [part 2] and volume 2 are duplicate transcripts of the same hearing.  The Court will refer to volume 2 when citing to the transcript of Petitioner's plea hearing.

11CV1109 WQH(RBB)

1  strike and putting [the sentence] in the 20, 22-year category."
2  (Id. vol. 5, 37, Sept. 29, 2008.)

3      Petitioner subsequently filed a motion to withdraw his plea
4  on September 15, 2008; Taylor claimed that at the time of the May
5  1, 2008 plea, he was under stress, taking an incorrect dose of
6  medication, and his counsel inadequately discussed the plea
7  bargain and was overbearing.  (Lodgment No. 1, Clerk's Tr. 32, 36-
8  37, Sept. 15, 2008; Lodgment No. 12, Rep.'s Appeal Tr. vol. 5,
9  81.)  On September 29, 2008, the court denied Taylor's motion to
10 withdraw his plea; Judge Cookson recalled the earlier chambers
11 conference but sentenced Taylor to twenty-four years, despite his
12 understanding that he would receive no more than twenty-years
13 under the plea agreement.  (Lodgment No. 12, Rep.'s Appeal Tr.
14 vol. 5, 37, 81, 86-87.)  At the hearing, Taylor had new counsel;
15 neither counsel nor Petitioner objected to the twenty-four-year
16 sentence.  (Id. at 36, 85-87.)

17     On October 27, 2008, Taylor filed a notice of appeal.
18 (Lodgment No. 1, Clerk's Tr. 118, Oct. 27, 2008.)  His counsel
19 also filed a petition for writ of habeas corpus with the court of
20 appeal.  (Lodgment No. 5, In re Taylor, No. [D055495] (Cal. Ct.
21 App. served July 14, 2009) (petition for writ of habeas corpus).)
22 The California Court of Appeal, Fourth Appellate District,
23 Division One, consolidated the direct appeal and the petition on
24 August 5, 2009.  (Lodgment No. 6, In re Taylor, No. D055495 (Cal.
25 Ct. App. filed Aug. 5, 2009) (order consolidating direct appeal
26 and habeas petition).)  In a consolidated opinion, the court
27 denied both Taylor's petition and appeal.  (Lodgment No. 7, People
28

11CV1109 WQH(RBB)

1  v. Taylor, No. D054023, slip op. at 12, 16, 18 (Cal. Ct. App. Dec.

2  29, 2009).)

3      Taylor petitioned the California Supreme Court on February 2,

4  2010.  (Lodgment No. 10, Petition for Review, People v. Taylor,

5  No. S179938 (Cal. filed Feb. 2, 2010).)  The court denied the

6  petition without opinion on April 14, 2010.  (Lodgment No. 11,

7  California Appellate Courts: Case Information,

8  [http://appellatecases.courtinfo.ca.gov (select "Supreme Court,"

9  search using the supreme court case number, then select Docket)]

10  (visited May 1, 2013).)  On May 19, 2011, Petitioner filed his

11  federal Petition for Writ of Habeas Corpus [ECF No. 1] in this

12  Court.

13      Because Taylor is in custody under a state court judgment,

14  the respondent must be the state officer who has custody of

15  Petitioner.  28 U.S.C.A. § 2242 (West 2006); see Rules Governing §

16  2254 Cases, Rule 2(a), 28 U.S.C.A. foll. § 2254 (West 2006).

17  Warden Gonzalez is the correct Respondent because she is the

18  warden of California Men's Colony, in San Luis Obispo, California,

19  where Taylor is currently in custody.  (Answer 1, ECF No. 8.)

20      Petitioner also named the California Attorney General as a

21  Respondent in his Petition.  "The state's attorney general is a

22  proper party only if the petitioner is not then confined, but

23  expects to be taken into custody."  Hogan v. Hanks, 97 F.3d 189,

24  190 (7th Cir. 1996); see Rules Governing § 2254 Cases, Rule 2(b),

25  28 U.S.C.A. foll. § 2254.  "If the petitioner is in prison, the

26  warden is the right respondent."  Id.  Because Taylor is

27  incarcerated, the only proper respondent is the warden.

28

4

**II. STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, applies to all federal habeas petitions filed after April 24, 1996.  <u>Woodford v. Garceau</u>, 538 U.S. 202, 204 (2003) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 326 (1997)).  AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); <u>see also</u> <u>Reed v. Farley</u>, 512 U.S. 339, 347 (1994); <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991). Because Taylor's Petition was filed on May 19, 2011, AEDPA applies to this case.  <u>See</u> <u>Woodford</u>, 538 U.S. at 204.

In 1996, Congress "worked substantial changes to the law of habeas corpus." <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir. 1997).  Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

11CV1109 WQH(RBB)

1    To present a cognizable federal habeas corpus claim, a state
2  prisoner must allege that his conviction was obtained "in
3  violation of the Constitution or laws or treaties of the United
4  States."  28 U.S.C. § 2254(a).  A petitioner must allege that the
5  state court violated his federal constitutional rights.
6  Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885
7  (9th Cir. 1990); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir.
8  1988).

9    A federal district court does "not sit as a 'super' state
10 supreme court" with general supervisory authority over the proper
11 application of state law.   Smith v. McCotter, 786 F.2d 697, 700
12 (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780
13 (1990) (holding that federal habeas courts must respect a state
14 court's application of state law); Jackson, 921 F.2d at 885
15 (explaining that federal courts have no authority to review a
16 state's application of its law).  Federal courts may grant habeas
17 relief only to correct errors of federal constitutional magnitude.
18 Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989)
19 (stating that federal courts are not concerned with errors of
20 state law unless they rise to level of a constitutional
21 violation).

22    The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63
23 (2003), stated that "AEDPA does not require a federal habeas court
24 to adopt any one methodology in deciding the only question that
25 matters under § 2254(d)(1) -- whether a state court decision is
26 contrary to, or involved an unreasonable application of, clearly
27 established Federal law."  Id. at 71 (citation omitted).  In other
28 words, a federal court is not required to review the state court

1   decision <u>de novo</u>.   <u>Id.</u>   Rather, a federal court can proceed

2   directly to the reasonableness analysis under § 2254(d)(1).   <u>Id.</u>

3        The "novelty" in § 2254(d)(1) is "the reference to 'Federal

4   law, as determined by the Supreme Court of the United States.'"

5   <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd</u>

6   <u>on other grounds</u>, 521 U.S. 320 (1997).   Section 2254(d)(1)

7   "explicitly identifies only the Supreme Court as the font of

8   'clearly established' rules."   <u>Id.</u>   "[A] state court decision may

9   not be overturned on habeas corpus review, for example, because of

10  a conflict with Ninth Circuit-based law."   <u>Moore</u>, 108 F.3d at 264.

11  "[A] writ may issue only when the state court decision is

12  'contrary to, or involved an unreasonable application of,' an

13  authoritative decision of the Supreme Court."   <u>Id.</u> (citing

14  <u>Childress v. Johnson</u>, 103 F.3d 1221, 1225 (5th Cir. 1997); <u>Devin</u>

15  <u>v. DeTella</u>, 101 F.3d 1206, 1208 (7th Cir. 1996); <u>Baylor v.</u>

16  <u>Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996)).

17       Furthermore, with respect to the factual findings of the

18  trial court, AEDPA provides:

19            In a proceeding instituted by an application for a
          writ of habeas corpus by a person in custody pursuant to
20        the judgment of a State court, a determination of a
          factual issue made by a State court shall be presumed to
21        be correct.  The applicant shall have the burden of
          rebutting the presumption of correctness by clear and
22        convincing evidence.

23  28 U.S.C. § 2254(e)(1).

24                      **III.   DISCUSSION**

25  **A.   Claim One:  Due Process Violations**

26       "[A] criminal defendant has a due process right to enforce

27  the terms of his plea agreement."   <u>Buckley v. Terhune</u>, 441 F.3d

28  688, 694 (9th Cir. 2006) (citing <u>Santobello v. New York</u>, 404 U.S.

                              7

257, 261-62 (1971); <u>see also</u> <u>Brown v. Poole</u>, 337 F.3d 1155, 1159 (9th Cir. 2003) ("[A defendant's] due process rights conferred by the federal constitution allow [him] to enforce the terms of the plea agreement.").  Clearly established federal law dictates that "the construction and interpretation of state court plea agreements 'and the concomitant obligations flowing therefrom are, within broad bounds of reasonableness, matters of state law.'" <u>Buckley</u>, 441 F.3d at 694-95 (quoting <u>Ricketts v. Adamson</u>, 483 U.S. 1, 6 n.3 (1987)).  When state courts improperly apply California contract law in interpreting plea agreements, they engage in an objectively unreasonable application of clearly established federal law.  <u>Id.</u> at 695 (citing <u>Brown</u>, 337 F.3d at 1160 n.2).

     Thus, the Court must look to state law to address the merits of Taylor's Petition.  "In California, '[a] negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles . . . .'"  <u>Id.</u> (alteration in original) (citation omitted).  These agreements are interpreted "'according to the same rules as other contracts[.]'"  <u>Id.</u> (quoting <u>People v. Toscano</u>, 124 Cal. App. 4th 340, 344, 20 Cal. Rptr. 3d 923, 926 (2004)).  Under California law, contracts are interpreted to give effect to the "mutual intention of the parties as it existed at the time of contracting."  Cal. Civ. Code § 1636 (West 2011).  "Although the intent of the parties determines the meaning of the contract, the relevant intent is 'objective' -- that is, the objective intent as evidenced by the words of the instrument, not a party's subjective intent."  <u>Shaw v. Regents of Univ. of California</u>, 58 Cal. App. 4th 44, 54-55, 67 Cal. Rptr. 2d 850, 856 (1997) (internal citation omitted).

When interpreting contracts, the written agreement is the "first and highest" evidence of the mutual intent of the parties. Pope v. Allen, 225 Cal. App. 2d 358, 364, 37 Cal. Rptr. 371, 375 (1964). If it is clear and explicit, the language of the contract governs its interpretation. Cal. Civ. Code § 1638 (West 2011); see also People v. Rabanales, 168 Cal. App. 4th 494, 505, 85 Cal. Rptr. 3d 607, 616 (2008) (quoting Ben-Zvi v. Edmar Co., 40 Cal. App. 4th 468, 473, 47 Cal. Rptr. 2d 12, 14 (1995)) ("'Where the parties have reduced their agreement to writing, their mutual intention is to be determined, whenever possible, from the language of the writing alone.'").

If the terms of a promise are ambiguous or uncertain, courts may consider the circumstances surrounding the agreement to establish the "sense in which the promisor believed . . . that the promisee understood it." Cal. Civ. Code § 1649 (West 2011); see also People v. Shelton, 37 Cal. 4th 759, 767, 37 Cal. Rptr. 3d 354, 358, 125 P.3d 290, 294 (2006). "'The Code provision permitting the showing of surrounding circumstances is not applicable to every contract which comes before a court for interpretation. It is applicable only where the language used in the contract is doubtful, uncertain, or ambiguous . . . .'" Buckley, 441 F.3d at 696 (quoting Pope v. Allen, 225 Cal. App. 2d at 364, 37 Cal. Rptr. at 375). Terms will be implied only when they are "'indispensable to effectuate the expressed intention of the parties.'" Ben-Zvi, 40 Cal. App. 4th at 473, 47 Cal. Rptr. 2d at 14 (quoting Lippman v. Sears, Roebuck & Co., 44 Cal. 2d 136, 145, 280 P.2d 775, 779 (1995)). This will only occur "'upon

grounds of obvious necessity.'"   _Id._ (quoting _Addiego v. Hill_, 238
Cal. App. 2d 842, 846, 48 Cal. Rptr. 240, 243 (1965)).

Petitioner alleges that he negotiated a plea agreement
ensuring that he would receive a twenty-year sentence. (Pet. 12-
13, ECF No. 1.)  To support this assertion, Taylor claims that his
former attorney, Tom Carnessale, signed a declaration
acknowledging that Taylor's "sentence would be 20 years pursuant
to negotiation with the prosecution." (_Id._ at 12-13.)  Yet, after
the court accepted the plea, Petitioner asserts that "the trial
court set out to sentence [P]etitioner to 24 years in prison,
above and beyond the sentence that [P]etitioner was informed he
would be receiving." (_Id._ at 12.)

Taylor maintains that after he realized that the court
intended to impose a longer sentence than what he believed he
would be receiving under the plea agreement, he moved to withdraw
the plea. (_Id._)  That motion was denied. (_Id._)  Petitioner
contends that the state court breached the plea bargain by
sentencing him to twenty-four years, and this "breach by the state
court provides ample justification for rescinding the
plea . . . ." (_Id._ at 16.)  Moreover, he maintains that his
Fourteenth Amendment right to due process was violated when the
state court denied Taylor's motion to withdraw his guilty plea and
sentenced him to twenty-four years in prison. (_See id._ at 13.)

Taylor alleges that due process requires that "the terms of
the original agreement . . . be enforced, or [Petitioner] . . . be
allowed to withdraw his guilty plea." (_Id._ at 18.)

Respondent maintains that because Taylor is claiming a
violation of his plea bargain, "the sentencing transcript becomes

11CV1109 WQH(RBB)

relevant to show the absence of objection and, therefore, the absence of breach." (Answer Attach. #1 Mem. P. & A. 18, ECF No. 8.) She alleges that while Petitioner claims he was informed that he would be sentenced to twenty-years in state prison, the record does not support that claim. (Id. at 19.) "The plea form makes no such mention. The transcript of the taking of the plea makes no such mention. In fact, the form and the transcript of the taking of the plea informed Taylor he was facing a sentence of forty-one-years-to-life." (Id.)

The warden acknowledges that "[t]here is one place where a mention of a lesser sentence was made." (Id.) The transcript reveals that during the hearing on the motion to withdraw Taylor's plea, the trial court stated,

> The Court: [Y]es. I think the court should be fair on this. I did conduct a chambers conference. I looked at the photographs. They weren't very pretty; however, based on what the court felt might be an appropriate sentence for this particular case and the victim's recovery, I was considering striking the strike and putting it in the 20, 22 year category.

(Id. (alteration in original) (quoting Lodgment No. 12, Rep's Appeal Tr. vol. 5, 37).)

Respondent insists that this evidence shows that the court never made an agreement to a twenty-year sentence. (Id.) The court's statement that it was considering striking a strike and a sentence in the range of twenty to twenty-two years, "does not, standing alone, support a reasonable expectation that the court would necessarily impose a twenty year sentence." (Id.)

Gonzalez asserts that based on the above, "Taylor could [have] reasonably expect[ed] that the court would consider this sentencing result when it came time for sentencing, [and] at

11

sentencing, the court adhered to the promised approach." (<u>Id.</u>)
At sentencing, the court dismissed a strike prior. (<u>Id.</u> at 19-
20.)   The imposition of a twenty-four-year sentence instead of a
twenty-year sentence "does not show the trial court did not give
consideration to the sentence referenced during the chambers
conference." (<u>Id.</u>)   Accordingly, Respondent contends that
Petitioner is not entitled to relief because the decisions of the
trial court were not contrary to, nor an unreasonable application
of, United States Supreme Court precedent. (<u>Id.</u>)

When reviewing a state court decision, federal courts must
look to the last reasoned state court decision as the basis of the
judgment. <u>Polk v. Sandoval</u>, 503 F.3d 903, 909 (9th Cir. 2007).
The last state court to address the merits of Petitioner's due
process claim was the California Court of Appeal. (<u>See generally</u>
Lodgment No. 7, <u>People v. Taylor</u>, No. D054023, slip op. at 8-12.)

The state court of appeal rejected Taylor's due process
claim, finding that "the record shows there was no promise of a
20-year sentence." (<u>Id.</u> at 2.)   The court noted that "[a] plea
agreement is interpreted according to contract principles[,]" and
"[t]he guilty plea form states that the sentence was left to the
court." (<u>Id.</u> at 10.)   The form was initialed and signed by
Taylor, indicating that he read and understood the terms of the
plea agreement, including that sentencing was left to the trial
court. (<u>Id.</u> at 10-11.)[3]   The court of appeal concluded that

---

[3] The court found that Taylor initialed this specific term on
the plea form and signed the form, declaring under penalty of
perjury that he read, understood, and initialed each item on the
form. (<u>Id.</u> at 10.)   Taylor's counsel initialed the form under
oath, indicating that he had read and explained the entire plea to
Petitioner. (<u>Id.</u>)   Further, at the change of plea proceeding, the

"there is nothing in the guilty plea form, nor in the oral advisements given to Taylor, that supports that the court had promised a 20-year sentence."  (<u>Id.</u> at 11.)

Next, the appellate court addressed trial counsel's declaration in which he stated that the court had promised a twenty-year sentence.  (<u>Id.</u>)  The court also considered "the trial court's statement at the presentencing plea withdrawal hearing that it 'was considering striking the strike and putting [the sentence] in the 20, 22-year category.'"  (<u>Id.</u>)  This evidence showed that the sentencing judge was "<u>considering</u> a particular sentence," and these statements "standing alone" did not "support a reasonable expectation that the court would necessarily impose this sentence."  (<u>Id.</u> (emphasis in original).)

The appellate court determined that based on the above evidence, Petitioner could have reasonably believed that the trial court was considering dismissing the strike and enforcing a sentence in the twenty- to twenty-two-year range.  (<u>Id.</u> at 12.) The trial court dismissed a strike prior.  This was consistent with the sentencing judge's earlier comments.  Similarly, selecting a twenty-four-year sentence instead of a twenty-year sentence did not demonstrate that the court failed to give due consideration to the sentence discussed in the chambers conference.  (<u>Id.</u>)  Accordingly, the California Court of Appeal found "Taylor's claim that he was entitled to plea withdrawal on

_____

trial court orally advised Taylor on all of the terms included in his plea agreement, including that the sentence was left to the court.  (<u>Id.</u>)  Taylor verbally indicated that he understood. (<u>Id.</u>)

1    the basis of a breach of the plea agreement [was] unavailing."

2    (Id.)

3        Petitioner's due process claim fails because he has not

4    provided the Court with any objective evidence that the trial

5    court breached the plea agreement.  Taylor contends that he was

6    promised a twenty-year sentence, but the plea form and transcript

7    of the plea colloquy reflect that the prosecution would "dismiss

8    the balance of the complaint" and that the sentence was left to

9    the court.  (See Pet. 12-13, ECF No. 1; Lodgment No. 1, Clerk's

10   Tr. 6, May 1, 2008; Lodgment No. 12, Rep.'s [Appeal Tr.] vol. 2,

11   9.)  Petitioner initialed this term on the form.  (Lodgment No. 1,

12   Clerk's Tr. 6; Lodgment No. 12, Rep.'s [Appeal Tr.] vol. 2, 7.)

13   Taylor understood the maximum sentence was forty-one years to

14   life.  (Lodgment No. 12, Rep.'s [Appeal Tr.] vol. 2, 9.)

15       This plea form is the basis for deciding the parties' mutual

16   intent.  See Ben-Zvi, 40 Cal. App. 4th at 473, 47 Cal. Rptr. 2d at

17   14 ("Where the parties have reduced their agreement to writing,

18   their mutual intention is to be determined, whenever possible,

19   from the language of the writing alone.")  The plea form is clear

20   and unambiguous and does not promise a twenty-year sentence.  See

21   Schuster v. Clark, No. 1:10-cv-01983-AWI-SKO-HC, 2011 WL 2144287,

22   at *7 (E.D. Cal. May 31, 2011) (denying petitioner's due process

23   claim on the basis that he failed to show that the plea agreement

24   was ambiguous in any respect); Rodgers v. Sisto, No.

25   2:07-cv-02383-JKS, 2011 WL 70566, at *3 (E.D. Cal. Jan. 7, 2011)

26   (same).

27       Taylor's maximum sentence was forty-one years to life.

28   (Lodgment No. 1, Clerk's Tr. 7, May 1, 2008.)  Petitioner

initialed the statement on the plea form that his maximum sentence was forty-one years to life, and he acknowledged the maximum term when he was orally advised by the trial court.  (Id.; Lodgment No. 12, Rep.'s [Appeal Tr.] vol. 2, 9.)  During Taylor's plea, the trial court asked whether any promises or threats had been made to him to plead guilty.  (Lodgment No. 12, Rep.'s [Appeal Tr.] vol. 2, 9.)  Petitioner responded, "No."  (Id.)

   Thus, nothing in the guilty plea form or the oral advisements given to Taylor supports his assertion that he was promised a twenty-year sentence.  See Branch v. Swarthout, Civil No. 11cv857 AJB (NLS), 2011 WL 6013023, at *4 (S.D. Cal. Oct. 7, 2011) ("[T]here is no breach of the plea agreement because there was no term in that agreement that limited [petitioner's] incarceration to 15 years."); Connolly v. Curry, No. C 08-4517 MMC (PR), 2011 WL 1990571, at *5 (N.D. Cal. May 23, 2011) (denying petitioner's due process claim because the sentencing transcript and documentary evidence did not show a promise made outside of the plea agreement).  Instead, the guilty plea form and the oral admonitions given to Petitioner clearly show that the terms of sentencing were left to the court, and Taylor was aware of, and fully comprehended, the terms of his plea agreement.  (See generally Lodgment No. 1, Clerk's Tr. 6-8; Lodgment No. 12, Rep.'s [Appeal Tr.] vol. 2, 7-9.)  It is not necessary to imply that a twenty-year sentence is a term of the plea agreement to effectuate the expressed intent of the parties.  See Ben-Zvi, 40 Cal. App. 4th at 473, 47 Cal. Rptr. 2d at 14.  To do so would insert terms into the contract that the Petitioner now wishes were there.  See

11CV1109 WQH(RBB)

1  id. (citing Levi Strauss & Co. v. Aetna Casualty & Surety Co., 184

2  Cal. App. 3d 1479, 1486, 237 Cal. Rptr. 473, 477 (1986)).

3      Given the clarity of the plea agreement, there is no reason

4  to include implied terms to effectuate the parties' intentions.

5  See Buckley, 441 F.3d at 696.  There are no ambiguous or uncertain

6  terms that require the Court to consider extrinsic evidence of the

7  parties' objective intent.  See id. at 696-97.

8      Taylor's written agreement plainly states that he could

9  receive a sentence of "41 years to life in State Prison."

10  (Lodgment No. 1, Clerk's Tr. 7; Lodgment No. 12, Rep.'s Appeal Tr.

11  vol. 5, 86-87.)  "The party asserting breach [of a plea agreement]

12  bears the burden of proving the underlying facts establishing a

13  breach."  Atkins v. Davison, 687 F. Supp. 2d 964, 972 (2009)

14  (citing United States v. Laday, 56 F.3d 24, 26 (5th Cir. 1995)).

15  Petitioner was sentenced to twenty-four years.  (Pet. 12-13, ECF

16  No. 1.)  His sentence is consistent with the plea agreement and is

17  lower than the maximum sentence of forty-one years.  (Lodgment No.

18  12, Rep.'s Appeal Tr. vol. 5, 86-87.)  Thus, the superior court

19  did not breach the plea agreement or improperly sentence Taylor to

20  twenty-four years.

21      The state court of appeal properly concluded that

22  Petitioner's claim of breach of the plea agreement does not

23  entitle him to relief.  This decision was neither contrary to, nor

24  an unreasonable application of, clearly established Supreme Court

25  law.  See 28 U.S.C. § 2254(d)(1).  Nor was the decision based upon

26  an unreasonable determination of the facts.  See id. § 2254(d)(2).

27

28

16                                    11CV1109 WQH(RBB)

For all these reasons Taylor's due process claim should be **DENIED**.[4]

**B.    Claim Two:  Ineffective Assistance of Counsel**

Taylor contends that his counsel provided him with ineffective assistance by misadvising him of the terms of his plea bargain.  (Pet. 13, 16-17, ECF No. 1.)[5]

> [P]etitioner was informed by his attorney that he . . . had negotiated a plea bargain for 20 years in prison in exchange for petitioner's guilty plea.  It turns out this was erroneous and [P]etitioner relied on this erroneous information in making the decision to waive his constitutional rights and to plead guilty instead. Petitioner has said that he would otherwise not have pleaded guilty if he had been informed that the sentence was for 24 years in prison.

(<u>Id.</u> at 17.)

---

[4]   Taylor makes brief mention of being deprived of his right to a "fair trial."  If this is intended to be an additional claim for habeas relief, the claim is flawed.  First, it is unexhausted. It was not raised with the California Supreme Court.  (<u>See</u> Lodgment No. 10, Petition for Review 1-2, <u>People v. Taylor</u>, No. S179938.)  Second, Taylor pleaded guilty and did not go to trial. His case is unlike one where a petitioner claimed his right to a fair trial was violated where the trial court refused to enforce the plea agreement and information prejudicial to the petitioner had been disclosed to the prosecutors during plea negotiations. <u>See</u> <u>McKenzie v. Risley</u>, 842 F.2d 1525, 1536 n.22 (9th Cir. 1988). Finally, even an unexhausted claim can be denied on the merits. <u>See</u> 22 U.S.C.A. § 2254(b)(2).

[5]   In Taylor's state habeas corpus petition, he raises two ineffective assistance of counsel claims.  He complains of ineffective assistance of his initial trial counsel during plea negotiations and the taking of Taylor's plea, and the ineffective assistance of his second trial counsel at sentencing.  (Lodgment No. 5, <u>People v. Taylor</u>, No. D054023 (petition for writ of habeas corpus at 18, 27).)  In his federal Petition, Taylor argues that "the obvious failing of <u>both</u> trial counsels in relation to the guilty plea and 24-year sentence [constitutes ineffective assistance]."  (<u>See</u> Pet. 13, ECF No. 1.)  Yet, his claim appears to focus on the misadvice of Taylor's first attorney concerning the length of the sentence.  (<u>See</u> <u>id.</u> at 17.)  Nevertheless, Respondent addresses both claims in the Answer.

17

Respondent contends that Taylor's ineffective assistance of counsel claim fails for two reasons -- one procedural and one substantive. (Answer Attach. #1 Mem. P. & A. 22, ECF No. 8.) First, Gonzalez alleges that Taylor's claim of misadvisement is procedurally barred because it was forfeited in state court. (<u>Id.</u> at 23.) Next, she maintains that Petitioner's claim fails substantively because he has not met the second prong of the test outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), which requires that he suffer prejudice as a result of his counsel's ineffective assistance. (<u>Id.</u> at 26-27.) Respondent claims that Taylor cannot establish prejudice.

> There is no objective evidence showing a reasonable probability that Taylor would have rejected the plea had he been accurately advised that the court was considering, but not promising, a sentence in the 20- to 22-year range. If Taylor had rejected the plea agreement and gone to trial, he would have litigated a case in which there was no dispute that he attacked the victim with a knife, and he would have exposed himself to a potential sentence of forty-one years to life or more, lost the mitigating factor arising from an early admission of guilt, and lost the court's stated intention to consider dismissing a strike prior conviction so as to avoid a life sentence. Because Taylor would not likely have foregone the significant advantages of the plea had he been properly advised, there was no prejudice from counsel's misadvisemet.

(<u>Id.</u> at 26.)

**1.   Procedural Default**

State courts may decline to review a claim based on a procedural default. <u>Wainwright v. Sykes</u>, 433 U.S. 72, 83-87 (1977). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to

11CV1109 WQH(RBB)

address those claims in the first instance." <u>Coleman v. Thompson</u>,
501 U.S. 722, 731-32 (1991).  A petitioner who has defaulted his
federal claims in state court by not complying with procedural
rules technically meets the requirements for exhaustion because
state remedies are no longer available.  <u>Id.</u> at 732 (citing 28
U.S.C. § 2254(b); <u>Engle v. Issac</u>, 456 U.S. 107, 125-26, n.28
(1982)).  But federal habeas petitioners cannot "avoid the
exhaustion requirement by defaulting their federal claims in state
court[,]" provided the procedural default is based on an
independent and adequate state ground.  <u>Coleman</u>, 501 U.S. at 732.

      "A federal habeas court will not review a claim rejected by a
state court 'if the decision of [the state] court rests on a state
law ground that is independent of the federal question and
adequate to support the judgment.'"  <u>Beard v. Kindler</u>, 558 U.S.
53, 55 (2009) (alteration in original) (quoting <u>Coleman</u>, 501 U.S.
at 729).  "In order to constitute adequate and independent grounds
sufficient to support a finding of procedural default, a state
rule must be clear, consistently applied, and well-established at
the time of the petitioner's purported default."  <u>Wells v. Maass</u>,
28 F.3d 1005, 1010 (9th Cir. 1994) (citations omitted).

      A petitioner's failure to follow a state procedural rule
"does not prevent a federal court from resolving a federal claim
unless the state court actually relied on the state procedural bar
'as an independent basis for its disposition of the case.'"  <u>Evans
v. Chavis</u>, 546 U.S. 189, 206 (2006) (quoting <u>Harris v. Reed</u>, 489
U.S. 255, 261-62 (1989)).  "[A] procedural default does not bar
consideration of a federal claim on . . . habeas review unless the
last state court rendering a judgment in the case '"clearly and

expressly"' states that its judgment rests on a state procedural bar." <u>Harris</u>, 489 U.S. at 263 (quoting <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 327 (1985)).  The state court may also reach the "merits of a federal claim in an <u>alternative</u> holding." <u>Id.</u> at 264 n.10.  As long as the state court explicitly invokes a state procedural bar as an independent basis for its decision, the federal habeas court is required to "honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." <u>Id.</u> (citing <u>Fox Film Corp. v. Muller</u>, 296 U.S. 207, 210 (1935)).

The respondent has the initial burden of pleading an adequate and independent procedural bar as an affirmative defense in a habeas case.  <u>See</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665-66 (9th Cir. 2005); <u>Bennett v. Mueller</u>, 322 F.3d 573, 585 (9th Cir. 2003).  The burden then shifts to the petitioner to place that defense in issue.  <u>See</u> <u>Bennett</u>, 322 F.3d at 586.  The petitioner may accomplish this with factual allegations and case authority that demonstrate inconsistent applications of the procedural rule. <u>Id.</u>  At this point, the burden shifts back to the respondent to prove the bar is applicable.  <u>Id.</u>  "It is the law of this circuit that the ultimate burden is on the state, not the petitioner, to show that a procedural state bar was clear, consistently applied, and well-established at the time the party contesting its use failed to comply with the rule in question."  <u>Insyxiengmay</u>, 403 F.3d at 666. Even if the state rule is independent and adequate, a petitioner can overcome the procedural bar by showing (1) cause for the default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider the

11CV1109 WQH(RBB)

claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 749-50.

Here, Gonzalez asserts a procedural default and maintains that Petitioner forfeited his ineffective assistance claim based on misadvisement when he failed to raise the issue in the trial court. (Answer Attach. #1 Mem. P. & A. 23, ECF No. 8.) Respondent relies primarily on the California Court of Appeal's holding that Taylor forfeited his ineffective assistance claim when he failed to request that his plea be withdrawn based an counsel's alleged misadvisments. (<u>Id.</u> at 22-23 (citing Lodgment No. 7, <u>People v. Taylor</u>, No. D054023, slip. op. at 13-14).) She also cites two California Supreme Court cases, <u>People v. Vera</u>, 15 Cal. 4th 269, 275-76, 62 Cal. Rptr. 2d 753, 934 P.2d 1279 (1997), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds by</u> <u>People v. French</u>, 43 Cal. 4th 36, 47, 73 Cal. Rptr. 3d 605, 613, 178 P.3d 1100, 1107 (2008); and <u>People v. Hernandez</u>, 33 Cal. 4th 1040, 1051, 16 Cal. Rptr. 3d 880, 888, 94 P.3d 1080, 1087 (2004). (<u>Id.</u>)

To determine whether Taylor's claim is procedurally barred, the Court looks to the California Court of Appeal's opinion because it is the last reasoned state court opinion. <u>Vansickle v. White</u>, 166 F.3d 953, 957 (9th Cir. 1999). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground." <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

The court of appeal invoked a state procedural bar. (<u>See</u> Lodgment No. 7, <u>People v. Taylor</u>, No. D054023, slip. op. at 13.)

Although the failure to move for plea withdrawal may not create a forfeiture in cases where the sentence was in violation of the plea agreement, this exception to the forfeiture rule does not apply to claims that concern a misadvisement of the sentence.

Generally, an appellate court will not consider claims of error that could have been, but were not, raised in the trial court.  Taylor was authorized to request that the trial court permit him to withdraw his plea based on misadvisement concerning the terms of his agreement.  The record of the presentencing plea withdrawal motion shows that [counsel] . . . was aware that Taylor thought the court had promised a 20-year sentence.  Further, Taylor himself was, of course, aware of what he thought his sentence was supposed to be under the agreement.  Given this knowledge, the failure of both Taylor and his counsel to request to withdraw the plea when the trial court selected the 24-year sentence forfeits this challenge to his plea on appeal.

(Id. at 13-14 (citations omitted).)

Petitioner's ineffective assistance claim based on his counsel's misadvisements is procedurally barred if the rule governing its forfeiture is both adequate and independent.  See Wells, 28 F.3d at 1010.  A state procedural rule is adequate when the rule is "firmly established and regularly followed" at the time of the alleged default.  Anderson v. Calderon, 232 F.3d 1053, 1077 (9th Cir. 2000) (citations and quotations omitted), overruled on other grounds by Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir. 2003); see also Bennett, 322 F.3d at 583 (citing Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999)); Wells, 28 F.3d at 1010 (stating that rule must be clear and consistently applied at the time of petitioner's default).

### a.  Burden of Proof

If a procedural bar is raised, the Petitioner has the burden of putting the defense in issue.  See Bennett, 322 F.3d at 586.  But Petitioner's burden is "quite modest: at most, Petitioner need

only <u>assert</u> <u>allegations</u>; he does not need to <u>prove</u> anything."
<u>Dennis v. Brown</u>, 361 F. Supp. 2d 1124, 1130 (N.D. Cal. 2005)
(citing <u>Bennett</u>, 322 F.3d at 585-86).  Still, the state bears the
ultimate burden of proving procedural default.  <u>Bennett</u>, 322 F.3d
at 585.  To establish the adequacy of a state procedural rule, it
must be regularly and consistently applied.  <u>Id.</u> at 585-86.  "This
burden should exist whether or not the petitioner identifies the
correct basis upon which to challenge the adequacy of the rule."
<u>King v. LaMarque</u>, 464 F.3d 963, 967-68 (9th Cir. 2006).

At Taylor's sentencing hearing on September 29, 2008, he was
sentenced to twenty-four years.  (Lodgment No. 12, Rep.'s Appeal
Tr. vol. 5, 81, 86-76.)  Although the trial court had just denied
Petitioner's motion to withdraw his guilty plea, neither counsel
nor Petitioner objected to the length of the sentence.  (<u>Id.</u> 85-
87.)  It was not until October 27, 2008, when Petitioner filed his
notice of appeal that Taylor raised the issue of his counsel's
misadvisements.  (Lodgment No. 1, Clerk's Tr. 118.)  The
California Court of Appeal held that "Taylor's challenge based on
counsel's misadvisement has been forfeited by [his] failure to
raise the issue before the trial court."  (Lodgment No. 7, <u>People</u>
<u>v. Taylor</u>, No. D054023, slip. op. at 13.)

Gonzalez contends that Petitioner's ineffective assistance
claim is procedurally defaulted.  (Answer Attach. #1 Mem. P. & A.
22-23, ECF No. 8.)  "[Petitioner's claim] is procedurally barred
because it was forfeited in the state court[,]" and "[f]ailing to
raise the issue in trial is a proper procedural bar."  (<u>Id.</u> at
23.)  Respondent has met her initial burden to raise procedural
default as a defense.  <u>See</u> <u>Bennett</u>, 322 F.3d at 585.

This initial burden, however, is not the only burden that Gonzalez must satisfy.  See Bennett, 322 F.3d at 586.  "[I]t is the law of this circuit that the ultimate burden is on the State, not the petitioner, to show that a procedural state bar was clear, consistently applied, and well-established at the time the party contesting its use failed to comply with the rule in question." Insyxiengmay, 403 F.3d at 666.  In support of Respondent's contention that Taylor's claim is procedurally barred, she relies on the holding of the appellate court and cites two cases. (Answer Attach. #1 Mem. P. & A. 22-23, ECF No. 8.)

The first case that Gonzalez relies on is People v. Vera, 15 Cal. 4th at 275-76, 62 Cal. Rptr. 2d at 257-258, 934 P.2d at 1283-1284.  (Id.)  The court in Vera states that it is a "the well-established procedural principle that, with certain exceptions, an appellate court will not consider claims of error that could have been--but were not--raised in the trial court."  People v. Vera, 15 Cal. 4th at 275, 62 Cal. Rptr. 2d at 257-258, 934 P.2d at 1283 (citing People v. Saunders, 5 Cal. 4th 580, 589-90, 20 Cal. Rptr. 2d 638, 642, 853 P.2d 1093, 1097 (1993)).  This general principle would apply to the procedural bar asserted by Respondent.  (See Answer Attach. #1 Mem. P. & A. 22-23, ECF No. 8.)

Yet, for a state procedural bar to be considered adequate, the rule must be "firmly established and regularly followed." Anderson, 232 F.3d at 1077.  While Vera describes a general procedural bar of forfeiture, it does not establish that the procedural bar in this case is firmly established or regularly followed.  See generally Vera, 15 Cal. 4th 275, 62 Cal. Rptr. 2d 754, 934 P.2d 1279.  In fact, Vera notes that this procedural bar

11CV1109 WQH(RBB)

is applied, "with certain exceptions." Id. Vera does little to satisfy Respondent's "ultimate" burden to "to show that [the alleged] procedural state bar [is] clear, consistently applied, and well-established . . . ." See Insyxiengmay, 403 F.3d at 666.

Gonzalez also cites People v. Hernandez, 33 Cal. 4th at 1051, 16 Cal. Rptr. 3d at 888-889, 94 P.3d at 1087. (Answer Attach. #1 Mem. P. & A. 23, ECF No. 8.) The case, however, does not address the procedural bar. See id. Rather, Hernandez is support for the general rule that a trial court has "no sua sponte duty to give [a] limiting instruction [on the use of gang evidence]." (See Answer Attach. #1 Mem. P. & A. 23, ECF No. 8.) Hernandez does not establish or discuss the adequacy of the procedural bar at issue here.

Respondent makes no allegation that the procedural bar in this case is independent and adequate, nor does she cite to a case supporting such a contention. On this basis, Respondent has failed to satisfy the burden of demonstrating that the alleged procedural bar is "clear, consistently applied, or well established." See Insyxiengmay, 403 F.3d at 666. Under these circumstances, this Court need not decide whether the rule is applied independently of federal law. See Smith v. Campbell, No. C 06-02972 MHP, 2011 WL 1321585, at *6 (N.D. Cal. Apr. 6, 2011). Because Respondent has failed to carry her burden of establishingthe adequacy of the general bar,[6] the Court will

---

[6]  Moreover, sentencing immediately followed the trial court's ruling on Taylor's motion to withdraw his guilty plea. (See Lodgment No. 12, Rep.'s Appeal Tr. vol. 5, 82-90.) During the motion hearing, witnesses were called and multiple reasons were given reasons for the request to withdraw Taylor's plea. Counsel noted that an additional reason was the misadvisements

1   address the merits of Taylor's ineffective assistance of counsel

2   claim.

3       **2.   Merits of Taylor's Ineffective Assistance of Counsel**

4          **Claim**

5       For ineffective assistance of counsel to provide a basis for

6   federal habeas relief, Petitioner must satisfy the two-part test

7   outlined in <u>Strickland v. Washington</u>, 466 U.S. at 687.  First,

8   Taylor must show that his counsel's performance was deficient.

9   <u>Id.</u>  Second, he must establish that counsel's deficient

10  performance prejudiced the defense.  <u>Id.</u>  To satisfy the prejudice

11  prong, Petitioner need only demonstrate a reasonable probability

12  that the result of the proceeding would have been different absent

13  the error.  <u>Williams v. Taylor</u>, 529 U.S. 362, 406 (2000);

14  <u>Strickland</u>, 466 U.S. at 694.  A reasonable probability is "a

15  probability sufficient to undermine confidence in the outcome."

16  <u>Strickland</u>, 466 U.S. at 694.  A court need not decide whether

17  counsel's performance was deficient before addressing whether the

18  defendant suffered any prejudice; it is often "easier to dispose

19  of an ineffectiveness claim on the ground of lack of sufficient

20  prejudice . . . ."  <u>Id.</u> at 697.

21

22  _____

23  prior defense counsel made to Petitioner concerning the length of
    his sentence.  (<u>Id.</u> at 36-37.)  But new counsel informed the court

24  that the issue was not ripe because Taylor had not been sentenced.
    (<u>Id.</u>)  After denying the motion to withdraw Taylor's guilty plea,

25  Judge Cookson proceeded to sentence him.  (<u>Id.</u> at 82.)  On appeal,
    the California Court of Appeal concluded that counsel's statements

26  were not a timely objection that raised ineffective assistance
    based on misadvice from Taylor's prior counsel.  (<u>See</u> Lodgment No.

27  7, <u>People v. Taylor</u>, No. D054023, slip op. at 14.)  Thus, the
    claim was forfeited.  (<u>Id.</u>)  This conclusion is not based on an

28  unreasonable determination of the facts.  <u>See</u> 28 U.S.C.A. §
    2254(d)(2).

11CV1109 WQH(RBB)

The United States Supreme Court noted that "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, __, 130 S. Ct. 1473, 1485 (2010).  In the context of federal habeas review, "[t]he standards created by Strickland and § 2254(d) are both 'highly deferential . . . .'" Harrington v. Richter, 562 U.S. __, __, 131 S. Ct. 770, 788 (2011).

Trial counsel is presumed to be competent.  Strickland, 466 U.S. at 689.  "To rebut this presumption, [Petitioner] must demonstrate that his counsel's performance was unreasonable under prevailing professional norms and was not the product of sound strategy." Sechrest v. Ignacio, 549 F.3d 789, 815 (9th Cir. 2008) (citing Strickland, 466 U.S. at 688-89).  Counsel's representation is deficient if "it falls outside the range of competence demanded of attorneys in criminal cases."  Id.

Taylor contends that his attorney provided ineffective assistance because he misadvised him of the length of his sentence under the plea agreement.  (Pet. 17, ECF No. 1.)  Counsel allegedly informed Petitioner that his sentence would not exceed twenty years, but there was no agreement to a twenty-year sentence.  (Id.)  Taylor asserts that he would not have pleaded guilty if he knew he would receive a twenty-four-year sentence. (Id.)

> It is axiomatic that a trial is almost like a roll of the dice both for the prosecution and the defense in any given case.  The fact that the prosecution, the trial court or the appellate court did not know what petitioner's defense would have been, or precisely how the trial would have unfolded before the jury, so to extrapolate from pretrial evidence that the outcome of a trial would have been is an inexact science at best and foolhardy at wors[t].

1  (Id. at 15.)

2     Gonzalez alleges that Petitioner's ineffective assistance of
3  counsel claim fails substantively.  (Answer Attach. #1 Mem. P. &
4  A. 23-27, ECF No. 8.)  Respondent maintains that Taylor does not
5  provide any objective evidence to support his contention that
6  there was an agreement on a twenty-year sentence.  (Id. at 25-26.)
7  She claims that Petitioner's arguments are based on his "private
8  expectations" that were not disclosed prior to the acceptance of
9  the plea.  (Id.)  These subjective beliefs alone, contends
10 Gonzalez, "do[] not provide a basis for relief."  (Id. at 26.)

11    Further, Respondent asserts that Taylor does not satisfy the
12 second prong of Strickland in light of the undisputed evidence
13 that he attacked the victim.  (Id.)  Gonzalez urges that absent a
14 plea deal, Petitioner faced a "potential for a lengthy determinate
15 sentence plus an indeterminate life sentence had the case gone to
16 trial . . . ."  (Id.)  Respondent maintains that acceptance of the
17 plea bargain was in Taylor's best interest, a fact he likely
18 appreciated at the time of sentencing.  (Id.)  She asserts, "There
19 is no objective evidence showing a reasonable probability that
20 Taylor would have rejected the plea had he been accurately advised
21 . . . ."  (Id.)  Accordingly, Gonzalez claims that Petitioner can
22 not establish any prejudice as a result of counsel's
23 misadvisements.  (Id.)

24    This Court again reviews the last reasoned state court
25 decision as the basis of the judgment.  Polk v. Sandoval, 503 F.3d
26 at 909.  The last state court to address the merits of
27 Petitioner's ineffective assistance of counsel claim was the
28

28

11CV1109 WQH(RBB)

1  California Court of Appeal.  (<u>See generally</u> Lodgment No. 7, <u>People</u>
2  <u>v. Taylor</u>, No. D054023, slip. op. at 12-18.)

3      The state appellate court held that even if counsel provided
4  Petitioner with inadequate advice about his plea, his claim still
5  fails because there was no showing of prejudice.  (<u>Id.</u> at 17.)
6  The court noted that Taylor must show that "there is a reasonable
7  probability that had he been correctly advised about the
8  consequences of his plea he would not have pleaded guilty but
9  would have insisted on proceeding to trial."  (<u>Id.</u>)

10     Based on the evidence provided by Petitioner and the trial
11  record, the appellate court found there was an insufficient
12  showing of prejudice.

13         [T]here is no objective evidence showing a reasonable
           probability that Taylor would have rejected the plea had
14         he been accurately advised that the court was
           considering, but not promising, a sentence in the 20- to
15         22-year range.  If Taylor had rejected the plea
           agreement and gone to trial, he would have litigated a
16         case in which there was no dispute that he attacked the
           victim with a knife, and he would have exposed himself
17         to a potential sentence of 41 years to life or more,
           lost the mitigating factor arising from an early
18         admission of guilt, and lost the court's stated
           intention to consider dismissing a strike prior
19         conviction so as to avoid a life sentence.  Because
           Taylor would not likely have foregone the significant
20         advantages of the plea had he been properly advised,
           there was no prejudice from counsel's misadvisement.
21

22  (<u>Id.</u> at 18.)

23     The Supreme Court, in <u>Hill v. Lockhart</u>, 474 U.S. 52, 58
24  (1985), stated that "the two-part <u>Strickland v. Washington</u> test
25  applies to challenges to guilty pleas based on ineffective
26  assistance of counsel."  There, the petitioner pleaded guilty
27  pursuant to a written plea agreement; he alleged ineffective
28  assistance of counsel because his attorney misadvised him of his

11CV1109 WQH(RBB)

parole eligibility date.  _Id._ at 54-55.  The Supreme Court held
that in the context of guilty pleas, the prejudice prong of the
_Strickland_ test requires a petitioner to demonstrate that
"counsel's constitutionally ineffective performance affected the
outcome of the plea process."  _Id._ at 59.  "In other words, in
order to satisfy the 'prejudice' requirement, the [Petitioner]
must show that there is a reasonable probability that, but for
counsel's errors, he would not have pleaded guilty and would have
insisted on going to trial."  _Id._  Prejudice is determined based
on an objective evaluation.  _Id._ at 60 (citing _Strickland_, 466
U.S. at 695).  It cited with approval _Evans v. Meyer_, 742 F.2d
371, 375 (7th Cir. 1984), as an example of an objective evaluation
of a claim of prejudice.  _See_ _Hill_, 474 U.S. at 59.  In _Hill_, the
Court quotes the following passage from _Evans_:  "'It is
inconceivable to us . . . that [the defendant] would have gone to
trial on a defense of intoxication, or that if he had done so he
either would have been acquitted or, if convicted, would
nevertheless have been given a shorter sentence than he actually
received[.]'"  _Id._ at 59-60 (alteration in original).  With this
guidance, the Court will turn to Taylor's claim.

     The claim of ineffective assistance fails because Taylor has
not demonstrated that his counsel's performance prejudiced the
outcome of his case.  _See_ _Hill_, 474 U.S. at 59; _Strickland_, 466
U.S. at 687.  He provides no objective evidence showing that,
absent counsel's misadvisements, there is a reasonably probability
that he would not have pleaded guilty and would have proceeded to
trial and, if convicted, would have been sentenced to less than
twenty-four years.  _See_ _Hill_, 474 U.S. at 59; _Turner v. United_

States, No. 1:07CR152, 2009 U.S. Dist. LEXIS 18647, at *9 (E.D. Va. Mar. 4, 2009) ("Judged objectively, there is simply no reasonable likelihood Turner would have pleaded not guilty and insisted on going to trial absent [counsel's] supposed errors.").

Here, there is nothing in the record to establish that Taylor may have been able to avoid conviction or that a meritorious defense might have been available to him at trial.  Petitioner attacked the victim with a knife, and he had two felony-strike priors.  (See Lodgment No. 7, People v. Taylor, No. D054023, slip. op. at 15 ("When speaking to the police after his arrest[,] . . . Taylor acknowledged that he attacked the victim with a knife.") By pleading guilty, Taylor was able to avoid a possible indeterminate sentence of twenty-five years to life.  (See id.) Given the potential sentence he faced had he been convicted at trial, Petitioner benefitted significantly from the plea agreement.  See Ceesay v. Ryan, No. C 01-4047 SI (PR), 2003 WL 22434110, at *5 (N.D. Cal. Oct. 22, 2002) (finding no prejudice because in light of petitioner's favorable plea agreement, it was unlikely that he would have proceeded to trial).

Petitioner failed to provide any objective evidence to show that there is a reasonable probability that he would have forgone the benefits of his plea bargain and opted to go to trial, had his initial counsel correctly advised him of the length of his sentence or new counsel moved to withdraw the guilty plea.  Thus, Petitioner has not established that he was prejudiced under Strickland.  Hill, 747 U.S. at 60.  Accordingly, the California Court of Appeal's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court

law.  See 28 U.S.C. § 2254(d)(1).  Nor was the decision based upon

an unreasonable determination of the facts.  See 28 U.S.C.§

2254(d)(2).  For all these reasons, Taylor's ineffective

assistance of counsel claim should be **DENIED**.

### IV.  CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to the

United States District Judge William Q. Hayes under 28 U.S.C. §

636(b)(1) and Local Civil Rule HC.2 of the United States District

Court for the Southern District of California.  For the reasons

outlined above, **IT IS HEREBY RECOMMENDED** that the district court

issue an Order (1) approving and adopting this Report and

Recommendation and (2) directing that Judgment be entered denying

the Petition.

**IT IS ORDERED** that no later than July 5, 2013, any party to

this action may file written objections with the Court and serve a

copy on all parties.  The document should be captioned "Objections

to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall

be filed with the Court and served on all parties no later than

July 19, 2013.  The parties are advised that failure to file

objections within the specified time may waive the right to raise

1  those objections on appeal of the Court's order.   See <u>Turner v.</u>

2  <u>Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951

3  F.2d 1153, 11-56 (9th Cir. 1991).

4        IT IS SO ORDERED

5

6  Dated:   June 4, 2013

7                                          RUBEN B. BROOKS
                                           United States Magistrate Judge

8

9  cc:  Judge Hayes
        All parties of record

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28