# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. TAYLOR,<br><br>                        Plaintiff,<br>vs.<br>TERRI GONZALEZ, Warden,<br>                      Respondent. | CASE NO. 11cv01109 WQH (RBB)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 19) issued by the Honorable Magistrate Judge Ruben B. Brooks recommending that the Court deny Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1).

## BACKGROUND

**I.  State Proceedings**

On May 1, 2008, in the Superior Court of California, County of San Diego, Anthony L. Taylor ("Petitioner") pled guilty to one count of attempted murder and admitted to two felony convictions. (Lodgment 12 at 10-12). On September 15, 2008, Petitioner filed a motion to withdraw his guilty plea, stating that he had been under stress, had taken an incorrect dose of medication, and had not adequately conferred with his attorney prior to entering his guilty plea. (Lodgment 1 at 36-37). On September 29, 2008, the court denied Petitioner's motion to withdraw his plea, and sentenced Petitioner to a prison term of 24 years. (Lodgment 12).

On October 27, 2008, Petitioner filed a notice of appeal (Lodgment 1 at 118) and

1  a petition for writ of habeas corpus (Lodgement 5) in the California Court of Appeal.
2  After consolidating the appeal with the petition (Lodgment 6), the California Court of
3  Appeal denied Petitioner relief on December 29, 2009.  (Lodgment 7).

4        On February 2, 2010, Petitioner filed a habeas petition in the California Supreme
5  Court.  (Lodgment 10).  On April 14, 2010, the California Supreme Court denied the
6  petition without comment.  (Lodgment 11).

7  **II.    Federal Proceedings**

8        On May 19, 2011, Petitioner filed the Petition for Writ of Habeas Corpus
9  ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.  (ECF No. 1).  In claim one,
10 Petitioner alleges that his Fourteenth Amendment due process rights were violated
11 because (1) he negotiated a plea agreement to receive a twenty-year prison sentence,
12 and (2) the trial court denied his motion to withdraw his plea and improperly sentenced
13 him to a prison term of twenty four years.  In claim two, Petitioner alleges that his Sixth
14 Amendment rights were violated when his trial counsel provided ineffective assistance
15 of counsel by misadvising him on the length of his sentence during plea negotiations.

16       On October 31, 2011, Petitioner filed a Motion for Stay and Abeyance,
17 requesting that the Court stay this action to permit him to file and exhaust a new claim
18 in state court.  (ECF No. 7).  On August 23, 2012, the Court issued an Order denying
19 the Motion for Stay and Abeyance.  (ECF No. 16).

20       On June 4, 2013, the Magistrate Judge issued a Report and Recommendation
21 recommending that the Court deny the Petition in its entirety.  The Magistrate Judge
22 recommended denying claim one on the ground that Petitioner has failed to provide any
23 objective evidence that he entered into a plea agreement to receive a prison term of
24 exactly twenty years.  The Magistrate Judge recommended denying claim two on the
25 ground that Petitioner has failed to adequately demonstrate that his counsel's
26 performance prejudiced his defense.  (ECF No. 19).  The Report and Recommendation
27 concluded:

28       IT IS ORDERED that no later than July 5, 2013, any party to this
   action may file written objections with the Court and serve a copy on all

parties...

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than July 19, 2013.

*Id.* at 31-32. To date, neither party has filed objections to the Report and Recommendation.

## DISCUSSION

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis,* 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the record and the Report and Recommendation in its entirety. The Court finds that Petitioner has failed to demonstrate that he is entitled to relief pursuant to 28 U.S.C. § 2254(d). The Court concludes that the Magistrate Judge correctly determined that the Petition should be denied. The Court adopts the Report and Recommendation in its entirety.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the Court has denied the Petition, the Court finds that Petitioner has raised colorable, nonfrivolous constitutional arguments with respect to Petitioner's claim alleging ineffective assistance of counsel. The Court grants a certificate of appealability as to ground two of the Petition.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED in its entirety. (ECF No. 19). The Petition for Writ of Habeas Corpus is DENIED. (ECF No. 1). A certificate of appealability is GRANTED as to claim two. The Clerk of the Court shall close this case.

DATED: October 21, 2013

**WILLIAM Q. HAYES**
United States District Judge