# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY L. TAYLOR, | CASE NO. 11cv1109 WQH (RBB) |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| KAMALA D. HARRIS, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Motion to Appoint Counsel (ECF No. 25), filed by Petitioner Anthony L. Taylor.

On May 19, 2011, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On November 9, 2011, Respondent filed an Answer to the Petition for Writ of Habeas Corpus. (ECF No. 8). On June 4, 2013, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied because the California Court of Appeal's decisions with regard to Petitioner's claims were neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (ECF No. 19). On October 21, 2013, this Court adopted the Report and Recommendation in its entirety. (ECF No. 21). A certificate of appealability was granted as to Petitioner's second claim. *Id.* The Court ordered the Clerk to enter judgment dismissing the Petition for Writ of Habeas Corpus and close the case. On October 21, 2013, the Clerk of the Court entered judgment. (ECF No. 22).

On November 8, 2013, Petitioner filed a Motion for Appointment of Counsel. (ECF No. 25).

18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... (B) is seeking relief under ... section 2254...." Unless an evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terranova v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990). In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court has evaluated the likelihood of success of Petitioner's claims on the merits, and denied the Petition for Writ of Habeas Corpus. (*See* ECF No. 21). There are no remaining legal issues for this Court to determine. The Clerk of Court has entered judgment and closed this case. A certificate of appealability has been granted as to Petitioner's claim two for ineffective assistance of counsel. If Petitioner desires to appeal this Court's October 21, 2013 Order adopting the Report and Recommendation to the United States Court of Appeals for the Ninth Circuit, he may do so by filing a notice of appeal with this Court. *See* Fed. R. App. P. 3(a)(1). "The notice of appeal must: (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice ... (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). The notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "If an inmate confined in an institution files a notice of appeal ... the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that

1  system to receive the benefit of this rule. Timely filing may be shown by a declaration
2  in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must
3  set forth the date of deposit and state that first-class postage has been prepaid." Fed. R.
4  App. P. 4(c)(1).

   If Petitioner is unable to file a notice of appeal within 30 days after entry of the judgment or order appealed from, he may file a motion for extension of time to file notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).

> (A) The district court may extend time to file a notice of appeal if:
>   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is not filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with the local rules.

Fed. R. App. P. 4(a)(5).

   A review of the record shows that Petitioner has shown the ability to articulate his claims on the merits. The filing of a notice of appeal is not a complex legal issue, and the Court finds that Petitioner has the ability to do so without the assistance of counsel. The interests of justice do not require appointment of counsel at this stage in the proceedings.

   IT IS HEREBY ORDERED that the Motion for Appointment of Counsel (ECF No. 25) is DENIED.

DATED: November 18, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge